IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES DEVON BROWN**                                                                    **PLAINTIFF**

v.                                                        CAUSE NO. 1:21-cv-00401-LG-RPM

**STATE OF MISSISSIPPI, et al.**                                                  **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff James Devon Brown brings this conditions-of-confinement Complaint under 42 U.S.C. § 1983.

On June 9, 2022, Brown was ordered to file a written response to certain questions on or before June 30, 2022, to aid the Court in assessing his claims. (Order, at 1-2, ECF No. 15). That Order warned Brown "that if he fails to fully comply with this Order in a timely manner or if he fails to keep this Court advised of his current address, this case will be dismissed." (*Id.* at 2). The Order was mailed to Brown at his last-known address, and it was not returned by the postal service as undeliverable. Brown did not respond by the June 30 deadline.

On July 22, 2022, the Court ordered Brown to show cause why this case should not be dismissed for his failure to comply. (Order to Show Cause, ECF No. 16). He was given until August 8, 2022, to comply with the Court's Order. (*Id.* at 1). Brown was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to [him]." (*Id.*

at 2). The Order to Show Cause was mailed to Brown at his last-known address, and it was not returned as undeliverable. Brown did not respond by the August 8 deadline.

On August 19, 2022, the Court entered a Second and Final Order to Show Cause. (Second and Final Order to Show Cause, ECF No. 18). The Court extended Brown's responsive deadline to September 2, 2022, and warned him "[t]hat failure to advise the Court of a change of address or failure to timely comply with . . . this or any other order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and ***without*** further notice to Plaintiff." (*Id.* at 2 (emphases in original)). Brown was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.*). The Second and Final Order to Show Cause was mailed to Brown at his last-known address, and it was returned by the postal service as undeliverable. (Envelope, ECF No. 19). Brown did not respond by the September 2 deadline, nor did he notify the Court about a change of address.

From an abundance of caution, the Court granted Brown an extension of time within which to show cause. (Order Granting Extension of Time Within Which to Show Cause, ECF No. 20). The Court extended Brown's responsive deadline to September 20, 2022, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with . . . this or any other order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and ***without*** further notice." (*Id.* at 2-3 (emphases in original)). Brown was again cautioned that this was his "***final*** opportunity" to comply with the Court's Orders.

(*Id.* at 3 (emphasis in original)).  The Order Granting Extension of Time Within Which to Show Cause was mailed to Brown at his last-known address and at the Marshall County Correctional Facility—where the Court learned that he had been relocated.  (*Id.* at 2).  Neither mailing was returned to the Court by the postal service as undeliverable.  Brown did not respond by the September 20 deadline.

      The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

      This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Brown did not comply with four Court Orders, after being warned nine times that failing to do so may lead to the dismissal of this case. (Order Granting Extension of Time Within Which to Show Cause, ECF No. 20; Second and Final Order to Show Cause, ECF No. 18; Order to Show Cause, ECF No. 16; Order, ECF No. 15; Order Setting Payment Schedule, ECF No. 14; Order, ECF

No. 13; Order Requiring Plaintiff to Respond, ECF No. 11; Order, ECF No. 6; Order, ECF No. 5). Despite these warnings, Brown has not contacted the Court or taken any action in this case since March 21, 2022. That inaction includes Brown's failure to advise the Court of his current address, despite being advised that it is his responsibility to do so. (Order Granting Extension of Time Within Which to Show Cause, ECF No. 20; Second and Final Order to Show Cause, ECF No. 18; Order to Show Cause, ECF No. 16; Order, ECF No. 15; Order Setting Payment Schedule, ECF No. 14; Order, ECF No. 13; Order Requiring Plaintiff to Respond, ECF No. 11; Order, ECF No. 6; Order, ECF No. 5).

Given his clear record of delay and contumacious conduct, it is apparent that Brown no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted. *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

4